## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR138 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN S. MOBASSERI, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant John Mobasseri's Emergency Motion for Immediate Sentence Modification to Home Confinement. (Doc. 62). For the following reasons, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

On April 11, 2017, a Grand Jury indicted Defendant with one count of Receipt and Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, a violation of 18 U.S.C. § 2252(a)(2); and one count of Possession of Child Pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B).

On December 4, 2017, Defendant pleaded guilty to both counts. On April 5, 2018, the Court sentenced Defendant to 136 months imprisonment and 5 years supervised release. Defendant is currently serving his imprisonment at Elkton Federal Correctional Institution.

On April 8, 2020, Defendant filed an Emergency Motion for Immediate Sentence Modification to Home Confinement. (Doc. 62). Defendant argues that the presence of COVID-

19 and his prior medical conditions justify his compassionate release.  The Government opposed Defendant's request on April 14, 2020.  (Doc. 63).  Defendant filed a Reply and the Government filed a Supplemental Response shortly thereafter.  (Docs. 64 & 65).

## II. LAW & ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  However, in certain circumstances, a defendant may ask the court to modify a sentence, otherwise known as "compassionate release."  *Id.* at § 3582(c)(1)(A).  Before doing so however, one of two things must occur: either defendant has exhausted all administrative rights to appeal the Bureau of Prison's failure to bring a motion on his behalf or defendant has waited thirty days since he asked the warden of the facility to file a request on his behalf.  *Id.*

In other words, prisoners must first exhaust their administrative remedies before seeking a district court's involvement.  *See United States v. Raia*, 954 F.3d 594 (3rd Cir. 2020); *United States v. Ciccone*, 2020 WL 1861653 (N.D. Ohio Apr. 14, 2020) (Polster, J.) (the amended § 3582(c)(1)(A) did not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief) (citations omitted).  Moreover, courts cannot create exceptions to the mandatory exhaustion requirement.  *Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016) ("mandatory language means a court may not excuse a failure to exhaust, even to take such [special] circumstances into account"); *United States v. Alam*, 2020 WL 1703881 (E.D. Mich. Apr. 8, 2020) (collecting cases holding district courts cannot craft exceptions to exhaustion requirements in light of the COVID-19 pandemic).

Here, Defendant has not exhausted his administrative remedies before seeking the Court's involvement.  At the earliest, Defendant filed his request for compassionate release with

the Bureau of Prisons on April 8, 2020.[1] (Doc. 62, PageID: 2123). Therefore, he must wait until after May 8, 2020 to file relief with the Court. Since he has filed too early, the Court declines to rule on the merits of his Motion.

The case law Defendant cites does not alter this outcome. Relying on *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019), Defendant claims the Court may waive the exhaustion requirement in certain circumstances. Defendant then cites three circumstances where failure to exhaust may be excused. But Defendant's reliance on *Washington* is mistaken.

Both *Washington* and *McCarthy v. Madigan*, 503 U.S. 140 (1992)—the Supreme Court case that *Washington* relied on—dealt with Federal statutes that did not "expressly mandate the exhaustion of administrative remedies." *Washington*, 925 F.3d at 115; *McCarthy*, 503 U.S. at 149. The same is not true here. Section 3582(c)(1)(A) *expressly requires* a defendant to "exhaust[] all administrative rights." 18 U.S.C. 3582(c)(1)(A); *Raia*, 954 F.3d 594. As both *Washington* and *McCarthy* make clear: "[w]here Congress specifically mandate[s it], exhaustion is required." *McCarthy*, 503 U.S. at 144; *Washington*, 925 F.3d at 116.

Congress 'clearly mandated' exhaustion in § 3582(c)(1)(A). And despite outlier district courts holding otherwise due to COVID-19, this Court will not "engraft an unwritten 'special circumstances' exception onto" § 3582(c)(1)(A)'s exhaustion requirement. *Ross*, 136 S.Ct. at 1862.

The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons. However, requiring that Defendant first exhaust his administrative remedies not only upholds Congressional intent, but also protects "administrative

---

[1] Whether Defendant filed a request for administrative relief is disputed. The Government contends that the warden of FCI Elkton "has not received any request from [Defendant] for a reduction in sentence." (Doc. 65, PageID: 2163). This fact is not dispositive to the Court's current Order. However, should Defendant refile his Motion after May 8, 2020, Defendant will have to provide adequate proof that he exhausted his administrative remedies.

- 4 -

agency authority" and "promotes efficiency." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The Bureau of Prisons is taking the COVID-19 outbreak seriously. (Doc. 63, PageID: 2413). Allowing the BOP to exercise its authority and expertise in this instance is even more important. *See generally*, *Raia*, 954 F.3d 594.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 62) is **DENIED WITHOUT PREJUDICE**. The Court may consider the merits of Defendant's Motion after he properly exhausts his administrative remedies.

**IT IS SO ORDERED.**

                 s/ Christopher A. Boyko
                 **CHRISTOPHER A. BOYKO**
                 **Senior United States District Judge**

**Dated: April 27, 2020**