**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:17CR138** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **JOHN S. MOBASSERI,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant John Mobasseri's Emergency Motion for Immediate

Sentence Modification to Home Confinement.  (Doc. 67).  For the following reasons, the Court

**DENIES** Defendant's Motion.

## I. BACKGROUND

On April 11, 2017, a Grand Jury indicted Defendant with one count of Receipt and

Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, a violation of

18 U.S.C. § 2252(a)(2); and one count of Possession of Child Pornography, a violation of 18

U.S. § 2252A(a)(5)(B).

On December 4, 2017, Defendant pleaded guilty to both counts.  On April 5, 2018, the

Court sentenced Defendant to 136 months imprisonment and 5 years supervised release.

Defendant is currently serving his imprisonment at Elkton Federal Correctional Institution.

On April 8, 2020, Defendant filed an initial Motion for Sentence Modification.  (Doc.

62).  The Court denied that Motion without prejudice because Defendant did not exhaust his

administrative remedies.  (Doc. 66).  On May 13, 2020, Defendant presented the instant Motion

to the Court, claiming he is entitled to relief because he exhausted his administrative remedies

and the presence of COVID-19 combined with medical history justifies his release.  (Doc. 67).

On May 15, 2020, the Government filed its opposition.  (Doc. 68).

## II. LAW & ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed."

18 U.S.C. § 3582(c).  However, in certain circumstances, a defendant may ask the court to

modify a sentence, otherwise known as "compassionate release."  *Id.* at § 3582(c)(1)(A).  Before

doing so however, a defendant must exhaust his administrative remedies.  *Id.*; *United States v.

Raia*, 954 F.3d 594 (3rd Cir. 2020).

After a defendant has exhausted his administrative remedies, he may ask the court for

compassionate release.  A defendant is entitled to compassionate release if the court finds

"extraordinary and compelling reasons warrant such a reduction" and "such a reduction is

consistent with applicable policy statements issued by the United States Sentencing

Commission." § 3582(c)(1)(A)(i).[1]

That applicable policy statement is outlined in § 1B1.13 of the Sentencing Guidelines.

There, the Commission lists 'extraordinary and compelling reasons' as relating to a defendant's

medical condition, age or family circumstance.  U.S.S.G. § 1B1.13, n. 1.  There is also a 'catch-

all' provision for extraordinary reasons outside those listed.  *Id.*  However, before a court looks

at the 'extraordinary and compelling reasons' supporting defendant's release, the court must first

determine that defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g).

*Id.* at § 1B1.13(2).

---

[1] There is a second scenario that entitles a defendant relief based on his or her age, but that section is not applicable
to Defendant.  *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

Section 3142(g) list four factors for the courts to consider whether a defendant poses a danger to the community.  Those factors include: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to the community.  18 U.S.C. § 3142(g)(1)–(4).

Here, while there is a dispute as to whether Defendant has exhausted his administrative remedies,[2] it is clear Defendant presents a danger to the community after analyzing the § 3142(g) factors.  Defendant fails to address this critical argument.

Section 3142(g)(1) mandates that the court consider the nature and circumstances of the offenses charged, including offenses involving minor victims.  18 U.S.C. § 3142(g)(1).  Here, Defendant pleaded guilty to crimes involving minor victims.  His crimes reflect an individual who, from July 13, 2009 to January 4, 2017, amassed a significant number of images and videos depicting real minors engaged in sexually explicit conduct.  The software Defendant used allowed others to download the same material he possessed.  On top of the child pornography, investigators found drug paraphernalia and other evidence of drug trafficking.  Accordingly, the Court finds that the nature and circumstances of Defendant's actions demonstrate a danger to the community.

Likewise, the weight of the evidence against Defendant reflects his danger to the community.  Section 3142(g)'s second factor goes to the weight of the evidence of Defendant's

---

[2] Defendant claims he has exhausted his remedies.  In support of that contention, Defendant provides a letter from the Warden of Elkton to defense counsel.  The letter indicates that the Bureau of Prisons considered and denied Defendant's request for home confinement under the CARES Act.  (Doc. 67-1, PageID: 2177).  The Government alleges this does not demonstrate that Defendant exhausted his administrative remedies under § 3582(c)(1)(A).  According to the Government, Defendant conflates two remedies — home confinement under the recently passed CARES Act and compassionate release under § 3582(c)(1)(A).  The Court appreciates the Government's distinction.  But given the case procedure here and the desire for a ruling, the Court will consider the merits of Defendant's claim.

dangerousness.  *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010).  Here, Defendant

possessed over 23,800 images and 950 videos of child pornography.  The videos were lengthy

and portrayed infants, bestiality and sadistic materials.  For over seven years, defendant amassed

his collection, undetected by authorities or his family.  Accordingly, the amount, the content and

the length of time spent committing his crimes constitute compelling evidence of Defendant's

danger to the public.

Next, the Court considers the history and characteristics of Defendant, particularly:

> (A) the person's character, physical and mental condition, family
> ties, employment, financial resources, length of residence in the
> community, community ties, past conduct, history relating to drug
> or alcohol abuse, criminal history, and record concerning
> appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person
> was on probation, on parole, or on other release pending trial,
> sentencing, appeal, or completion of sentence for an offense under
> Federal, State, or local law.

18 U.S.C. § 3142(g)(3)(A)–(B).

Defendant appears to have family support and had a good history of employment prior to

his arrest.  And the Court acknowledges that Defendant's behavior here may have been fueled by

his drug addiction, which Defendant appears to be addressing while incarcerated.  Finally,

Defendant's medical diagnosis and the presence of COVID-19 at Elkton does weigh in favor of

release.

However, the Court does not weigh heavily Defendant's lack of criminal history.

Defendant claims "[h]e had no prior criminal history before this conviction."  (Doc. 67, PageID:

2170).  The lack of convictions however, do not mean Defendant behaved in accordance with the

law during that time.  In fact, Defendant admitted to searching for and downloading images and

videos of child pornography for over seven years.  Defendant's ability to conceal his deviant

behavior and his drug addiction from his wife, children and authorities for this time period reflects poorly on Defendant's character.  These character concerns outweigh the progress Defendant has made with his drug addiction while incarcerated as well as the concerns of COVID-19.  Thus, this third factor favors detention.

So does the fourth factor.  Section 3142(g)(4) requires the Court to consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(4).  The seriousness of Defendant's crimes cannot be understated.  To reiterate: Defendant here committed his offenses for over seven years.  Each download and view of a child-pornographic image or film exacerbates the harm to the child involved in its production.  Defendant assisted in the perpetuation of these crimes by allowing access to his vast collection.  The time that Defendant engaged in these crimes is lengthy, but the impact and pain he caused his victims will last a lifetime.  Moreover, the length of time Defendant spent engaging in this behavior reflects how difficult these crimes are to prosecute.  All these considerations reflect the seriousness of the danger Defendant presents to the public that he must be punished for.

After weighing the § 3142(g) factors, the Court finds Defendant a danger to the community.  The Court cannot mitigate that danger by releasing Defendant into the public.  With the prevalence of devices that can access the internet, the Court cannot justify releasing Defendant to home confinement.  Moreover, Defendant's release would cause a significant burden on those government agencies charged with supervising Defendant.  Accordingly, Defendant's request for release to home confinement is without merit.

The Court agrees that the presence of COVID-19 in our community is 'extraordinary' in the normal sense of the word.  And the Court acknowledges that conditions in prisons are not

- 5 -

ideal for limiting the spread of the virus.  But a wide-scale release of inmates is not the right solution, especially when those inmates present a danger to the public.

The Bureau of Prisons is working to limit the impact of COVID-19 at Elkton.  Whether through their own policies or court orders, the Bureau is releasing vulnerable inmates and lessening overall population in the facility.  The reduced population should help contain the virus's impact at the facility.  The Court has no reasons to believe that the Bureau has anything but the best intentions to keep the inmate population safe.  *See also Raia*, 954 F.3d at 597 (anticipating the Bureau will properly utilize its statutory authorities to manage the COVID-19 crisis).

### III. CONCLUSION

At Defendant's Sentencing, the Court imposed a Sentence that reflected the seriousness of the offense; provided adequate deterrence to others; protected the public; and provided Defendant with the resources he needed to better himself.  Defendant appears to have bettered himself while incarcerated by addressing his drug addiction.  However, a term of imprisonment of just over three years and the remainder served in the comfort of one's home is insufficient considering Defendant's crimes.  The presence of COVID-19 in the facility and Defendant's blood condition do not justify Defendant's release.  After considering these facts, the § 3553(a) factors and the danger Defendant presents to the public, the Court **DENIES** Defendant's Requests for Compassionate Release.  (Doc. 67).

**IT IS SO ORDERED.**

       **s/ Christopher A. Boyko**
       **CHRISTOPHER A. BOYKO**
       **Senior United States District Judge**

**Dated: June 5, 2020**